NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 5 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ALEXANDRIA REIMER,

Plaintiff - Appellant,

v.

MARTIN J. O'MALLEY, Commissioner of
Social Security,

Defendant - Appellee.

No. 23-2620

D.C. No.
3:22-cv-05860-GJL

MEMORANDUM*

Appeal from the United States District Court
for the Western District of Washington
Grady J. Leupold, Magistrate Judge, Presiding

Submitted December 3, 2024**
Seattle, Washington

Before: BOGGS***, McKEOWN, and R. NELSON, Circuit Judges.

Alexandria Reimer appeals the district court's order affirming the agency's

denial of disability benefits after April 30, 2020. We have jurisdiction under 28

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Danny J. Boggs, United States Circuit Judge for the Court of Appeals, 6th Circuit, sitting by designation.

U.S.C. § 1291. We affirm.

Reimer received a partially favorable decision at his hearing before an Administrative Law Judge (ALJ). The ALJ found that he had been disabled from his amended onset date until April 30, 2020, but that he also experienced medical improvement enabling him to work after the end of the closed period. Though Reimer submitted additional evidence to the Appeals Council, his request for an administrative review was declined, making the ALJ's decision the final decision of the Commissioner for judicial review.

Reimer contends that the ALJ's decision "never established how the medical improvement date was established by signs, symptoms, and laboratory findings in the record," because it mistakenly compared two Residual Functional Capacity (RFC) assessments and treated them as factual evidence. This argument misconstrues the ALJ's opinion: The finding of medical improvement was not based on a comparison of the RFCs, and the ALJ only compared the RFCs to confirm that the medical improvement was "related to the ability to work." Such analysis merely reflects due consideration of the fact that medical improvements *unrelated* to Reimer's ability to work would not have caused any discontinuation of benefits. 20 C.F.R. § 416.994(b)(1)(ii). To establish the medical improvement date of May 1, 2020, the ALJ pointed to "largely conservative treatment"; "improvements in symptoms with such conservative treatment"; and "clinical

findings . . . consistently not[ing] intact memory, normal attention, intact judgment and thought processes, and unremarkable thought content." These references provide substantial evidence. *Coleman v. Saul*, 979 F.3d 751, 755 (9th Cir. 2020).

Next, Reimer asserts that the ALJ erred in her evaluation of (1) Reimer's subjective symptom testimony and (2) the medical opinions of Dr. Ruddell and Counselor Perretz-Rosales. With respect to the former, "the ALJ must provide specific, clear, and convincing reasons which explain why the medical evidence is *inconsistent* with the claimant's subjective symptom testimony." *Ferguson v. O'Malley*, 95 F.4th 1194, 1200 (9th Cir. 2024). This standard "requires an ALJ to show his work." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022). However, the ALJ is not required "to perform a line-by-line exegesis of the claimant's testimony" or "to draft dissertations when denying benefits." *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020). Here, the ALJ met the standard by identifying various reasons to cast doubt on the "intensity, persistence, and limiting effects" of Reimer's alleged mental-health issues.

ALJs are required to articulate how persuasive they find medical opinions, given their "supportability" and "consistency." 20 C.F.R. § 416.920c(b). When an ALJ finds a medical opinion to be unpersuasive, that determination need only be supported by substantial evidence. *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022) (displacing previous Ninth Circuit precedent requiring ALJs to provide

"specific and legitimate" reasons for discrediting medical evidence). That is precisely what the ALJ did here. The decision articulates not only why Dr. Ruddell's 2019 assessment of marked limitations was persuasive during the closed period (*i.e.*, because it contained findings of "paranoid content of thought, depressed mood, and impaired recent memory"), but also why the 2021 assessment was unpersuasive for the period thereafter (*i.e.*, because it was inconsistent with "treatment records . . . noting improvements with medication" and "therapy notes indicating that the claimant is able to create art and to sell his art work on commission"). The same is true of Counselor Perretz-Rosales's evaluations: The ALJ deemed them unpersuasive after the end of the closed period, because the assessed limitations were unsupported by "treatment records that do not indicate marked or extreme findings" and inconsistent with "the treatment of record" and Reimer's "activities of daily living."

Finally, Reimer asserts that the additional evidence submitted to the Appeals Council does not support the ALJ's finding of medical improvement. The Appeals Council's denial of Reimer's request for review is not a final agency action, so we do not have jurisdiction to review it. However, the newly submitted materials become part of the administrative record that we review for substantial evidence. *Burrell v. Colvin*, 775 F.3d 1133, 1136 (9th Cir. 2014). Here, Reimer contributed additional medical records from Counselor Perretz-Rosales and other sources that

either do not pertain to the period in question or do not undermine the ALJ's denial of benefits. Reimer argues that these documents showed "continued ups and downs before and after the medical improvement date." The question is not whether Reimer experienced setbacks after the closed period, but whether substantial evidence supports the ALJ's decision, which it does.

**AFFIRMED.**